UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-CV-334 JD |
| | ) | |
| JOHNATHAN WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER, DEFAULT JUDGMENT, AND
## PERMANENT INJUNCTION

This case arises out of allegations of copyright infringement.  Now before the Court is the

Plaintiff's Motion for Entry of Default Judgment against Defendant Jonathan Williams.  [DE

13.]  The Plaintiff seeks an award of statutory damages of $67,500, a permanent injunction

against Mr. Williams, and attorneys' fees and costs.  For the reasons stated below, the Court

**GRANTS** the motion for default judgment.  The Court will enter a permanent injunction against

Mr. Williams' infringing activities and award attorneys' fees and costs.  Additionally, the Court

will award statutory damages, but in an amount lower than that requested by Malibu Media.

### I.  Background

On April 19, 2013, Malibu Media filed a complaint in this Court alleging copyright

infringement.  [DE 1.]  The initial complaint named a Doe defendant, who at that time was

known only through association with an identified IP address.  In response to a third party

subpoena, Comcast identified Mr. Williams as the owner of that IP address.  Malibu Media then

filed an Amended Complaint, alleging that Mr. Williams willfully infringed its copyrights by

disseminating, without authorization, all or portions of thirty copyrighted movies.  [DE 8.]

On July 26, 2013, Mr. Williams was personally served notice of these proceedings.  [DE 10.]  After service, Mr. Williams has failed to plead, otherwise appear in this action, or respond to Plaintiff's complaint as required by Rule 12(a).  On August 28, 2013, Plaintiff filed a motion for entry of default pursuant to Rule 55(a).  [DE 11.]  The Clerk entered default on September 25, 2013.  [DE 12.]  Plaintiff later filed this pending motion for default judgment and mailed notice of the motion to Defendant.  [DE 13.]  Despite having been allowed ample time to do so, Defendant has still failed to file an answer or any other responsive pleading, has not sought to set aside the entry of default, and has not filed any response to this pending motion.

## II.  Jurisdiction

This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.  Venue and personal jurisdiction are appropriate under 28 U.S.C. §§ 1391(b) and 1400(a), since Mr. Williams resides in Indiana.

## III.  Discussion

The entry of default judgment under Rule 55(b) lies within the sound discretion of the Court.  *Duling v. Markun*, 231 F.2d 833, 836 (7th Cir. 1956).  "In determining whether to enter a default judgment, the Court may consider a number of factors including whether there is a material issue of fact, whether the default is largely technical, whether the plaintiffs were substantially prejudiced, and how harsh an effect a default judgment might have."  *Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.*, 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005) (quoting Wright & Miller, 10A Federal Practice & Procedure § 2685 (3d ed. 1998)).  Default judgment, however, is not automatic.  Plaintiffs seeking default judgment must demonstrate that they are entitled to judgment as a matter of law.  *Cass Cnty. Music Co. v. Muedini*, 55 F.3d 263, 265 (7th Cir. 1995).  "In making this inquiry, the court must assume that the factual allegations are, by

2

reason of the default, true." *Id.* at 265–66; *see also Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) ("Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true.").

Here, despite proper notice that an action is pending, Mr. Williams has not answered the complaint, sought to remove the entry of default, or otherwise appeared.  Under these circumstances, the Court must conclude that Mr. Williams does not intend to defend himself. Default judgment is therefore appropriate if warranted by Plaintiff's uncontested factual allegations.

Here, the uncontested factual allegations establish as a matter of law that Mr. Williams is liable to Malibu Media for copyright infringement.  The owner of a copyright has the exclusive right to, among other things, "reproduce the copyrighted work in copies" and "distribute copies . . . of the copyrighted work to the public by sale or other transfer of ownership."  17 U.S.C. § 106(1), (3).  Assuming that the allegations made in Plaintiff's complaint are true, the Court finds that Mr. Williams used the peer-to-peer file sharing network BitTorrent to distribute thirty of the Plaintiff's copyrighted works without authorization.  These facts establish that Mr. Williams engaged in direct copyright infringement.

An infringer of copyright is liable for monetary relief "for either (1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or (2) statutory damages, as provided by subsection (c)."  17 U.S.C. § 504(a).  Here, Malibu Media is pursuing statutory, rather than actual, damages.  Such statutory damages include:

> statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than

3

$30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.

17 U.S.C. § 504(c)(1).  Also relevant here, "[i]n a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000."  17 U.S.C. § 504(c)(2).

The Copyright Act additionally authorizes the Court to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."  17 U.S.C. § 502.  Finally, the Court has discretion to award costs and fees to the prevailing party.  17 U.S.C. § 505.

Each type of damages is discussed below.

**A.  Statutory Damages under § 504**

A district court "has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima."  *Int'l Korwin Corp. v. Kowalczyk*, 855 F.2d 375, 383 (7th Cir. 1988) (quoting *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984)).  In determining the amount of statutory fees to award, the Court may consider factors such as "the difficulty or impossibility of proving actual damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent to future copyright infringement."  *Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229 (7th Cir. 1991) (quoting *F.E.L. Publ'ns v. Catholic Bishop of Chi.*, 754 F.2d 216, 219 (7th Cir. 1985)).

Here, the statutory minimum is $750 per act of infringement.  The statutory maximum is $30,000 per act of infringement, unless the Defendant acted willfully, in which case the statutory

4

maximum increases to $150,000 per act of infringement.  Here, Malibu Media seeks statutory damages of $67,500, which amounts to $2,250 per act of infringement.  This is far below the threshold of $30,000 per infringement, so the Court need not make any formal finding as to willfulness.

Regarding the amount of statutory fees to award, the Court finds the amount requested by Malibu Media to be excessive.  Based on the circumstances of this case, the need to discourage infringement in other cases, and the need to compensate Malibu Media for the loss of its copyright, the Court determines that statutory damages in the amount of $1,500 per copyrighted work (for a total of $45,000) is appropriate.  The Court notes that this conclusion is consistent with several recent cases from this district and the Northern District of Illinois, where other judges have considered statutory fees in the context of a default judgment and determined statutory damages of $1,500 per act of infringement to be sufficient.  *See Malibu Media, LLC v. Cowham*, No. 3:13-cv-162, 2014 WL 2453027, at *2 (N.D. Ind. June 2, 2014) (granting default judgment and awarding plaintiff statutory damages of $1,500 per copyrighted work); *PHE, Inc. v. Does 1–122*, No. 13-cv-786, 2014 WL 1856755, at *2–3 (N.D. Ill. May 7, 2014) (granting default judgment and awarding plaintiff statutory damages of $1,500 per copyrighted work, instead of the $7,500 requested by plaintiff; the court noted that "some commentators have urged courts to not find defendant's infringing conduct to be 'willful' and eligible for enhanced statutory damages based solely on a default judgment, without additional, independent evidence of egregious conduct"); *Malibu Media, LLC v. Brenneman*, No. 3:13-cv-332, 2013 WL 6560387, at *2–3 (N.D. Ind. Dec. 13, 2013) (granting default judgment and awarding plaintiff statutory damages of $1,500 per copyrighted work, instead of the $2,250 requested by plaintiff; the court stated "the deterrent aspect of statutory damages should not be turned into a windfall where, as

5

here, the Plaintiff has suffered only minimal damages" as the defendant "was merely one participant in a group of users sharing bits and pieces of Malibu's works").

**B.  Injunctive relief under § 502**

Malibu Media also requests that the Court issue a permanent injunction as follows:

> (a) Permanently enjoining Defendant and all other persons who are in active concert or participation with Defendant from continuing to infringe Plaintiff's copyrighted Works;
>
> (b) Ordering that Defendant delete and permanently remove the digital media files relating to Plaintiff's Works from each of the computers under such Defendant's possession, custody or control; and
>
> (c) Ordering that Defendant delete and permanently remove the infringing copies of the Works Defendant has on the computers under Defendant's possession, custody or control.

[DE 13-1 at 10 (alterations removed).]

"Any court having jurisdiction of a civil action arising under this title may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."  17 U.S.C. § 502.  Such relief is not automatic.  *e360 Insight v. Spamhaus Project*, 500 F.3d 594, 604 (7th Cir. 2007).  However, in cases involving online infringement, such injunctions may be "appropriate to ensure that the misconduct does not recur as soon as the case ends."  *BMG Music v. Gonzalez*, 430 F.3d 888, 893 (7th Cir.2005) (citing *United States v. W.T. Grant Co.*, 345 U.S. 629 (1953)).

Given Mr. Williams's failure to respond to this case, there is a real possibility that he has continued to infringe on Malibu Media's works during the course of these proceedings. Accordingly, the Court determines that the injunctive relief requested by the Plaintiff is reasonable and justified.

6

**C.   Costs and Fees under § 505**

Finally, Plaintiff requests an award of attorney's fees and costs.  Such an award is authorized under § 505.  Plaintiff requests an award of attorney's fees of $1,182 and costs of $425, together totaling $1,607.  Plaintiff's counsel has submitted an affidavit stating the costs incurred and itemizing the time he and a paralegal have spent on this case.  [DE 13-7.]  Here, the Court finds that both the hourly rate ($300 per hour for attorney time and $85 per hour for administrative work) and the total billable hours (9.2 hours) are reasonable given the work needed to identify Mr. Williams and Plaintiff's ultimate success in proving Mr. Williams liable by way of default.  Additionally, the Court finds that the $425 in costs is reasonable.

## IV.  Conclusion

For the reasons stated above, Plaintiff's Motion for Entry of Default Judgment against Defendant Jonathan Williams [DE 13] is **GRANTED**, except that the award of statutory damages is in an amount less than that requested by the Plaintiff.

Accordingly, the Court **ORDERS** that Defendant Johnathan Williams is liable for the following payments to Plaintiff:

    (1)    $45,000.00 in statutory damages, for the thirty infringements alleged in the Amended Complaint ($1,500 for each infringement);

    (2)    statutory post-judgment interest at a rate of .11% on all monies owed under (1) above; and

    (3)    $1,607.00 in attorneys' fees and costs.

The Court further **ORDERS** the following injunctive relief:

    (1)    Defendant Jonathan Williams and all other persons who are in active concert or participation with the Defendant are permanently enjoined from continuing to infringe on the copyrighted works of Malibu Media.

 (2)  Defendant Jonathan Williams is ordered to delete and permanently remove the digital media files relating to the copyrighted works of Malibu Media from each computer under his possession, custody, or control; and

 (3)  Defendant Jonathan Williams is ordered to delete and permanently remove the infringing copies of the copyrighted works of Malibu Media from each computer under his possession, custody, or control.

  The clerk is directed to **ENTER FINAL JUDGMENT** by default in favor of Plaintiff

against Defendant Johnathan Williams.

  SO ORDERED.

  ENTERED: <u>July 31, 2014</u>

<u>   /s/ JON E. DEGUILIO   </u>
Judge
United States District Court